13-345-cr
United States v. Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12ᵗʰ day of March, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            ROBERT D. SACK,
                        *Circuit Judge*,
            JED S. RAKOFF,
                        *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            v.                                        No. 13-345

TONY LEON SMITH,

                        *Defendant-Appellant*.

_____

For Appellee:                    JOHN J. FIELD, Assistant U.S. Attorney, *for* William J. Hochul, Jr., U.S. Attorney for the Western District of New York, Rochester, NY.

---

    [*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

For Defendant-Appellant:     JEFFREY L. CICCONE, Assistant Federal Defender (Jay S. Ovsiovitch, *on the brief*), Federal Public Defender's Office for the Western District of New York, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Tony Leon Smith appeals from a judgment of conviction and sentence entered on January 17, 2013, by the United States District Court for the Western District of New York (Siragusa, *J.*). Smith was convicted after a jury trial on two counts of wire fraud under 18 U.S.C. § 1343, and three counts of money laundering under 18 U.S.C. § 1957(a). He was sentenced primarily to eight years in prison. Smith now appeals, challenging the sufficiency of the evidence against him and the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review de novo challenges to the sufficiency of the evidence." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). In deciding whether the evidence was sufficient to sustain a conviction, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)). We will uphold the verdict as long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In this case, after carefully reviewing the record, we are persuaded that the evidence

presented was sufficient to prove the essential elements of each charged offense beyond a reasonable doubt. We therefore affirm Smith's conviction on each count.

Smith also challenges the substantive reasonableness of his sentence. We determine substantive reasonableness under "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We will only find substantive unreasonableness if the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Here, Smith's eight-year sentence fell squarely in the middle of the applicable Guidelines range. After considering all the circumstances, we do not believe that sentence was substantively unreasonable. We therefore affirm it.

We have considered Smith's remaining arguments and find they lack merit. For the reasons given above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3